IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **SPIRLIN J. EDWARDS,** | Case No. 5:18-CV-566 |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| | Magistrate Judge James R. Knepp II |
| **NEIL TURNER, Warden** | |
| Respondent | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court upon the Report & Recommendation ("R&R") of Magistrate Judge James R. Knepp (Doc. No. 12), which recommends that Petitioner Spirlin Edwards's Petition for Writ of Habeas Corpus (Doc. No. 1) be denied. Petitioner has filed Objections to the R&R. (Doc. No. 14.) Respondent Warden Neil Turner filed a Response to Petitioner's Objections. (Doc. No. 15.) For the following reasons, Petitioner's objections to the R&R are overruled. The R&R is adopted as set forth below and the Petition is denied.

**I.    Procedural Background**

Petitioner Spirlin Edwards filed the instant Petition for Writ of Habeas Corpus on March 12, 2018.[1] (Doc. No. 1.) Edwards raises four grounds for relief: (1) his convictions were not supported by sufficient evidence; (2) his due process rights were violated when the trial court denied his motion for a mistrial due to false testimony; (3) the trial court abused its discretion by amending dates on Counts Three through Five; and (4) his confrontation rights were violated by a witness who was

---

[1] The R&R sets forth the relevant factual background. (Doc. No. 12, PageID# 1400-1401.) *See also State v. Edwards*, 96 N.E.3d 890, 894 (Ohio App. 9th Dist. 2017). The R&R also sets forth the relevant procedural history with respect to the underlying state court proceedings. (Doc. No. 12, PageID# 1401-04.)

unqualified to authenticate records.  (Doc. No. 1, PageID# 5-10.)  Respondent Warden Neil Turner filed an Answer on June 18, 2018.  (Doc. No. 8.)  Edwards filed a Reply on July 23, 2018.  (Doc. 10.)  Respondent filed a Sur-Reply on August 6, 2018.  (Doc. No. 11.)

On October 25, 2019, the Magistrate Judge issued an R&R recommending Edwards's petition be denied.  (Doc. No. 12, PageID# 1399.)  The Magistrate Judge concluded that Edwards had procedurally defaulted Grounds One and Three.  (*Id.* at PageID# 1407.)  As to Grounds One and Three, the Magistrate Judge further concluded that Edwards had not offered any cause or excuse as to why he had failed to comply with the procedural rules and had not argued that he was prejudiced in any way other than that which made up the substance of his underlying habeas claims. The Magistrate Judge also found that as to Grounds One and Three Edwards had not set forth any new evidence to make a colorable showing of actual innocence.  (*Id.* at PageID# 1411.)  Finally, the Magistrate Judge concluded that Grounds Two and Four were meritless or, alternatively, not cognizable under federal habeas review.  (*Id.* at PageID# 1407,1412-1420.)

On November 25, 2019, Edwards requested an extension of time to file Objections to the R&R.  (Doc. No. 13.)  On December 13, 2019, Edwards filed Objections to the R&R labeled as a "Reply to Report and Recommendation."  (Doc. No. 14.)  Those objections read:

- No evidence admitted by the States [sic] case proved that Spirlin J. Edwards committed any crime.
- The State presented unqualified witnesses to authenticate record
- Convictions were not supported by sufficient evidence

All claims Petitioner makes offense [sic] violated United State Constitutional Rights…

(*Id.* at PageID# 1425.)  On December 23, 2019, Respondent filed a Response to Edwards's Objections.  (Doc. No. 15.)

2

## II. Standard of Review

Parties must file any objections to a Report and Recommendation within fourteen days of service. Fed. R. Civ. P. 72(b)(2). Failure to object within this time waives a party's right to appeal the district court's judgment. *See Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

When a petitioner objects to the magistrate judge's report and recommendation, the district court reviews those objections *de novo*. Fed. R. Civ. P. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.* "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Jones v. Moore*, No. 3:04-cv-7584, 2006 WL 903199, at *7 (N.D. Ohio Apr. 7, 2006) (citing *Walters*, 638 F.2d at 949-50).

The Court conducts a *de novo* review of the portions of the Magistrate Judge's Report to which Petitioner has properly objected.

## III. Analysis

### A. Grounds One and Three

The Magistrate Judge concluded that Edwards procedurally defaulted Grounds One and Three because he failed to present these grounds to all levels of the Ohio court system and no avenue remains for Edwards to do so now. (Doc. No. 12, PageID# 1408, 1410.) Notably, Edwards failed to object to the Magistrate Judge's conclusion that Grounds One and Three are procedurally defaulted.

3

(Doc. No. 14, PageID# 1425.) Edwards also failed to object to the conclusion that he cannot demonstrate either cause and prejudice or actual innocence to excuse his default. At most, the first and third bullet points of Edwards's Objections may be construed as objections to the Magistrate Judge's ruling on the merits of Ground One, and not as objections to the Magistrate Judge's conclusion that Ground One was procedurally defaulted. (*Id.*) However, the Court does not reach Ground One's merits because Edwards procedurally defaulted that claim.

The Court has reviewed the Magistrate Judge's findings on Grounds One and Three and finds no clear error. *See, e.g., McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, the Court adopts the Magistrate Judge's finding that Grounds One and Three are procedurally defaulted.

**B.  Ground Two**

The Magistrate Judge concluded that Ground Two is not cognizable under federal habeas review. (Doc. No. 12, PageID# 1412.) The Magistrate Judge also concluded that, alternatively, Ground Two is meritless. (*Id.* at PageID# 1412-16.) Edwards did not specifically object to the Magistrate Judge's findings with respect to Ground Two. At most, the final sentence of Edwards's Objections may be construed as a general objection to the Magistrate Judge's conclusion that Edwards's Ground Two is not cognizable under federal habeas review. Edwards's final sentence reads: "All claims Petitioner makes offense [sic] violated United States Constitutional Rights." (Doc. No. 14, PageID# 1425.) This catchall sentence is not sufficient to raise specific objections to the R&R. General objections or objections that merely restate the arguments that Petitioner made before the Magistrate Judge "are not sufficient to alert the Court to alleged errors made by the magistrate judge." *King v. Caruso*, 542 F. Supp. 2d 703, 706 (E.D. Mich. 2008); *see also Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991) (holding that where objection was to

4

entirety of report and recommendation, "it is arguable in this case that Howard's counsel did not file objections at all" and "it is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong"); *Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 244 (6th Cir. 2018) ("Because Andres failed to pinpoint the magistrate judge's alleged errors, he has forfeited his arguments on appeal."); *Woods v. Comm'r of Soc. Sec.*, No. 3:18-cv-1070, 2019 WL 4017044, at *1 (N.D. Ohio Aug. 26, 2019) ("Because Woods 'simply objected to the report and recommendation and referred to [one] issue[ ] in the case' rather than 'specifically [ ] address the findings of the magistrate,' her general objection does not amount to a legitimate appeal of the R&R."). Thus, Edwards's "objections" fail to satisfy the minimum requirements set forth in *Howard* because he does not identify any specific errors in the R&R. *Howard*, 932 F.2d at 508-09. The Court finds no clear error with respect to the Magistrate Judge's findings on the merits of Ground Two. *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (the appropriate measure of whether a state court's decision unreasonably applied clearly established federal law is whether its adjudication was "objectively unreasonable," not merely incorrect or erroneous). Accordingly, the Court adopts the Magistrate Judge's conclusion that Ground Two is meritless.

To the extent that Edwards's statement that "[a]ll claims Petitioner makes offense [sic] violated United States Constitutional Rights" is construed as an objection to the Magistrate Judge's conclusions with respect to Ground Two's cognizability, Edwards again failed to identify any specific errors committed by the Magistrate Judge. (Doc. No. 12, PageID# 1421.) The Court finds no clear error with respect to the Magistrate Judge's findings on Ground Two's cognizability. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed.2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

5

Accordingly, the Court also adopts the Magistrate Judge's conclusion that Ground Two is not cognizable under federal habeas review.

### C. Ground Four

The Magistrate Judge concluded that Ground Four is meritless and, alternatively, also not cognizable under federal habeas review. (Doc. No. 12, PageID# 1407.) Edwards's Objections are insufficient. *See supra*. To the extent that Edwards's second bullet point ("The State presented unqualified witnesses to authenticate record") is construed as an objection to the Magistrate Judge's conclusions with respect to the merits of Ground Four, Edwards's objection failed to identify any specific error in the R&R analysis. (Doc. No. 14, PageID# 1425.) While the Court respectfully disagrees with the Magistrate Judge's rationale for denying Edwards's Ground Four, the Court nevertheless agrees with the Magistrate Judge's ultimate recommendation that Ground Four should be denied as meritless.

Upon review of the R&R, the Court notes that the state appellate court conducted a harmless error analysis to determine whether the trial court's admission of the witness's testimony was harmless error beyond a reasonable doubt. (Doc. No. 12 at PageID# 1418.) The state appellate court "assum[ed] without deciding that the trial court erred by admitting the sales manager's testimony" and "conclude[d] that such error was harmless beyond a reasonable doubt." (*Id.* at PageID# 1419.) Thus, Ground Four is best analyzed under *Brecht v. Abrahamson* to determine whether the trial court's alleged error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

The Sixth Circuit explained the contours of the *Brecht* analysis in the context of alleged Confrontation Clause errors as follows:

6

>       For purposes of habeas corpus review, a court must assess the prejudicial impact of constitutional errors not deemed to be "structural defects" in a state-court trial under the "substantial and injurious effect" standard set forth in *Brecht*, 507 U.S. at 637, 113 S.Ct. 1710; *see also Vasquez v. Jones*, 496 F.3d 564, 575 (6th Cir. 2007). When applying the *Brecht* standard, the Supreme Court held that, rather than placing the burden of proof on the petitioner, the sitting judge must ask directly, "Do I, the judge, think that the error substantially influenced the jury's decision?" *O'Neal v. McAninch*, 513 U.S. 432, 436, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995). If the judge is certain that the error had no or a small effect, the verdict must stand. *Id.* However, if the matter is so evenly balanced that the judge has "grave doubts" as to whether the trial error had substantial or injurious effect or influence in determining the jury's verdict, such that the matter is so evenly balanced that he feels himself in a "virtual equipoise" as to harmlessness, the judge must treat the error as if it were harmful and grant the petitioner's writ. *O'Neal*, 513 U.S. at 435 & 445, 115 S.Ct. 992; *Stallings v. Bobby*, 464 F.3d 576, 582 (6th Cir. 2006).
>       In determining whether a Confrontation Clause violation is harmless under *Brecht*, this Court has repeatedly referred to the factors laid out in *Delaware v. Van Arsdall*, 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). Those factors include: (1) the importance of the witness' testimony in the prosecution's case; (2) whether the testimony was cumulative; (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; (4) the extent of cross examination otherwise permitted; and (5) the overall strength of the prosecution's case. *Id.*

*Jensen v. Romanowski*, 590 F.3d 373, 378-79 (6th Cir. 2006). For the following reasons, the Court finds that the state appellate court reasonably concluded that the trial court's admission of the witness's testimony was harmless error. In so finding, the Court applies the *Van Arsdall* factors to the facts in this case and determines that the alleged error had no material effect. *Id.*

First, the Court acknowledges that the first *Van Arsdall* factor (the importance of the witness's testimony in the prosecution's case) weighs mildly in Edwards's favor. The allegedly unqualified manager authenticated records that showed that two phone numbers, later identified as numbers for the Stow-Munroe Falls Board of Education and Stow High School, received two phone calls from another phone number, later identified as Edwards's mother's phone number, at a specific time. (Doc. No. 12, PageID# 1418-19.) However, the second and third factors weigh in favor of the State because

the phone records authenticated by the allegedly unqualified manager were cumulative of other evidence presented to the jury, and also were corroborated by other evidence, including witness testimony and alternative phone records. *See Van Arsdall*, 475 U.S. at 684. As the state appellate court noted, the prosecution provided the jury "with alternative phone records from Edwards'[s] mother's telephone provider showing two calls were placed from Edwards'[s] mother's house at the time of the bomb threat." (Doc. No. 12, at PageID# 1419.) According to Edwards's mother's phone records, two calls were placed from her house to the Stow-Munroe Falls Board of Education at 10:55 a.m. and to Stow High School at 10:56 a.m. (*Id.*) The Stow High School receptionist testified that she received the threatening phone call from who she believed to be "a male in his late twenties" between 10:55 a.m. and 11:00 a.m. (*Id.*) Edwards's mother testified that Edwards had been staying in her home on the day the threatening calls were placed, that she did not call Stow High School, and that, "to the best of her knowledge, neither did Edwards'[s] brother." (*Id.*) Thus, the prosecution demonstrated through alternative phone records and witness testimony that someone within Edwards's mother's house placed two phone calls to the Stow-Munroe Falls Board of Education and Stow High School at the time of the bomb threat.

Further, the fourth factor weighs in favor of the State because the trial court permitted Edwards to cross-examine the allegedly unqualified manager out of order on the manager's qualifications as custodian of the records. (Doc. No. 12, PageID# 1418.) Additionally, after the trial court permitted the manager to authenticate the phone records, Edwards took the opportunity to further cross-examine the manager about his role within AT&T, his understanding of AT&T technology, and the phone records. (Doc. No 8-2, PageID# 846.)

Finally, the fifth *Van Arsdall* factor (the overall strength of the prosecution's case) weighs in the State's favor. *See Van Arsdall*, 475 U.S. at 684. Without the manager's testimony, the prosecution's case remained substantial. As the state appellate court noted, the prosecution demonstrated through alternative phone records and testimony that someone in Edwards's mother's house placed two calls, one to the Stow-Munroe Falls Board of Education at 10:55 a.m. that lasted 12 seconds, and the other to Stow High School at 10:56 a.m. that lasted 19 seconds. The receptionist at the Stow High School testified that she had received the threatening phone call between 10:55 a.m. and 11:00 a.m. from who she believed to be a male in his twenties. (Doc. No. 12, PageID# 1419.) Edwards's mother testified that she did not make the calls, and to the best of her knowledge, Edwards's brother did not place such calls. (*Id.*) While circumstantial, the prosecution introduced evidence—separate from the manager's testimony—that Edwards indeed placed the threatening call to Stow High School. Accordingly, the Court finds the state appellate court's harmless error determination was not unreasonable under *Brecht* and *Van Arsdall*. The Court finds that Edwards's fourth ground for relief is therefore without merit.

**IV. Conclusion**

For the foregoing reasons, the Court finds Petitioner's Objections (Doc. No. 14) are overruled, the Report & Recommendation (Doc. No. 12) is adopted as set forth above, and the Petition (Doc. No. 1) is denied. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Date: November 10, 2020

       *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE